**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **B.T., a minor,** | ) |
| **by and through his mother and** | ) |
| **next friend, Wanda Jackson** | ) |
| | ) **Case No.: 1:17-cv-0917** |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |

**KEITH BATTLE, individually and in his former official capacity as Fulton County Schools Police Department Resource Officer; FELIPE USURY, individually and in his former official capacity as Chief of Police for Fulton County Schools Police Department; CARLOS DIXON individually and in his official capacity as Investigator for Fulton County Schools Police Department; DAN SIMS, individually and in his former official capacity as Principal of Tri-Cities High School, (a Fulton County School); ROBERT AVOSSA, individually and in his former official capacity as Superintendent of the Fulton County, Georgia Board of Education; and KATHA STUART, KATIE REEVES, GAIL DEAN, LINDA BRYANT, LINDA MCCAIN, CATHERINE MADDOX and JULIA BERNATH, individually and in their official capacities as Board Members of the Fulton County Board of Education;** )
**Defendants.** )

## COMPLAINT

**COMES NOW** the Plaintiff, B.T., a minor, by and through his

mother and next friend, Wanda Jackson, and for his Complaint against

the Defendants says as follows:

## <u>Jurisdiction</u>

1.

The plaintiff claims, in part, that the acts and/or omissions of the

defendants, jointly and severally, proximately resulted in the plaintiff

being wrongfully denied his rights under the First, Fourth, Fifth and/or

Fourteenth Amendments to the Constitution of the United States, and

that the acts and/or omissions of the defendants are violative of the

plaintiff rights and privileges as secured by the provisions of 42 U.S.C.

§§ 1981 and 1983, as more fully set forth herein. This Court has

original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343.

2.

The plaintiff also claims, in part, that the acts and/or omissions of the defendants, jointly and severally, proximately resulted in the plaintiff being wrongfully denied his rights under the laws of the State of Georgia, as more fully set forth herein.  Plaintiff's state law claims include, without limitation, false imprisonment, assault and battery, invasion of privacy, negligence, wantonness and outrage (intentional infliction of emotional distress). Plaintiff's state law claims arise from the same occurrence that forms the basis of his federal claims. This Court has supplemental jurisdiction over plaintiff s state law claims pursuant to 28 U.S.C.  § 1367(a).

## **Parties**

3.

Plaintiff, B.T., is sixteen (16) years old and a resident of Fulton County, Georgia. Plaintiff brings this action by and through his mother and next friend, Wanda Jackson, who is over the age of majority and a resident of Fulton County, Georgia.

4.

Defendant, Keith Battle is a resident of Fulton County, Georgia. At all times relevant to this complaint, Battle has been a Fulton County Schools Police Department School Resource Officer. Plaintiff's claims against Battle are asserted against him individually and in his official capacity as an Officer of the Fulton County Schools Police Department. Battle's acts and/or failures to act, with regard to the plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as a police officer.

5.

Defendant, Felipe Usury, is a resident of Fulton County, Georgia. At all times relevant to this complaint, Usury has been the Chief Police the Fulton County Schools Police Department, Fulton County, Georgia. Plaintiff's claims against Usury are asserted against him individually and in his official capacity as the Chief of Police for the Fulton County Schools Police Department. Usury's acts and/or failures to act, with regard to the plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as Chief of Police.

6.

Defendant Carlos Dixon is a resident of Fulton County, Georgia.  At all times relevant to this Complaint, Dixon has been an investigator for the Fulton County Schools Police Department.  Dixon's acts and/or failure to act, with regard to the Plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as an Investigator for the Fulton County Schools

Police Department.

7.

Defendant Robert Avossa, at all times relevant to this Complaint has been the Superintendent of the Fulton County Board of Education. Plaintiff's claims against Avossa are asserted against him individually and in his official capacity as the Superintendent of the Fulton County Board of Education.  Avossa's acts/or failure to act, with regard to the plaintiff's claims against him, were done individually and in his official capacity within the line, scope and authority of his status as Superintendent.

8.

Defendants Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath, are residents of Fulton County, Georgia.  At all times relevant to this Complaint, said defendants have been Board Members of the Fulton County Board of Education.  Plaintiff's claims against said defendants asserted against them individually and in their official capacities as Board Members of the

Fulton County Board of Education.  Said defendants' acts/or failure to act, with regard to the plaintiff's claims against them, were done individually and in their official capacity within the line, scope and authority of their status as Board Members.

## Facts

9.

The plaintiff, B.T., is an African-American male. At the time of the incident, made the subject of this complaint, B.T. was 14 years old and a student in the ninth grade at Tri-Cities High School in Fulton County, Georgia.

10.

The incident made the subject of this complaint, occurred on or about March 18, 2015, while B.T. was in attendance at Tri-Cities High School.

11.

On the day of the incident, B.T. had been suspended for two (2)

days by the school's administration.  An employee of the school called B.T.'s parent, Wanda Jackson and informed her of the suspension and requested she come and pick B.T. up from campus.  Ms. Jackson informed the school to allow B.T. to walk home, as he walks to and from school each day.  The school informed Ms. Jackson that they could not allow B.T. to walk home, that she would have to come and pick him up.  Ms. Jackson then informed the school that she would come as soon as possible.  Before Ms. Jackson could make it to the campus, she was called back and informed that B.T. was attempting to leave campus but was restrained and injured.  B.T. was restrained and handcuffed.  After being restrained and handcuffed, (behind his back) by Officer Keith Battle, B.T. was thrown to the floor, face first.  B.T.'s left humerus was fractured as a result of Officer Keith Battle's actions.

12.

B.T. was originally restrained by Coach Spears of Tri-Cities High School.  Officer Battle observed the interaction between B.T. and Coach

Spears.  Battle was wearing the full uniform of an on-duty Fulton County Schools Police Officer, was on duty and engaged in performing his job responsibilities.  Upon observing the interaction between B.T. and Coach Spears, Officer Battle intentionally and without valid authority or justification interfered with and restrained and arrested B.T.,  Officer Battle took hold of B.T.'s wrists and hands, then pulled B.T.'s hands, wrists and arms behind his back; Officer Battle then put his handcuffs on B.T.'s wrists; such that B.T.'s wrists, arms and hands were bound behind his back and to such extent that B.T. could not free himself from Officer Battle's s handcuffs. Officer Battle thereafter slammed B.T. to the floor, breaking his left humerus in half.

13.

Prior to and at the time of the subject incident, Chief Usury had implemented a policy of the Fulton County Schools Police Department whereby Officers of Fulton County were required, trained, instructed and encouraged by Chief Usury to detain, handcuff, arrest and/or incarcerate

students who had not committed any crime and/or who had not committed any act which would provide probable cause for them to be so detained, handcuffed, arrested and/or incarcerated.

14.

Prior to and at the time of the subject incident, Chief Usury had implemented a policy of the Fulton County Police Department whereby Officer Battle was required, trained, instructed and encouraged by Chief Usury to detain, handcuff, arrest and/or incarcerate students who had not committed any crime and/or who had not committed any act which would provide probable cause for them to be so detained, handcuffed, arrested and/or incarcerated. At the time of the subject incident, Officer Battle was following said policy of Chief Usury and the Fulton County Schools Police Department.

15.

Said policy of Chief Usury and the Fulton County Schools Police Department has been and continues to be implemented in a manner that is unconstitutionally discriminatory against African-American individuals, in

general, and against B.T. in particular. Chief Usury and the Police Officers of Fulton County, including Officer Battle, have carried out and continue to carry out said policy in an intentionally racially discriminatory manner with regard to African-American individuals, in general, and B.T. in particular.

16.

Officer Battle excessively, unreasonably, without justification and unnecessarily tightened his handcuffs on B.T.'s wrists and handled him in an improper manner thereby causing B.T. to suffer extreme pain.  As a direct and proximate result of Officer Battle's said actions, B.T. was caused to suffer extreme, significant and continued pain in his wrists and arms.

17.

Officer Battle excessively, unreasonably, without justification and unnecessarily slammed B.T. to the floor, breaking his arm, causing B.T. to suffer extreme pain and suffering.  As a direct and proximate result of Officer Battle's said actions, B.T. was caused to suffer extreme, significant

and continued pain and suffering.

18.

Officer Battle excessively, unreasonably and unnecessarily and with malice, picked B.T. up by the same arm he broke and lead him into his office, causing B.T. to suffer extreme pain.  As a direct and proximate result of Officer Battle's said actions, B.T. was caused to suffer extreme and continued pain and suffering.

19.

As a direct and proximate result of Officer Battle's said actions, B.T. suffered injury and damage, including without limitation: (a) fracture of the left humerus; (b) severe personal embarrassment and public humiliation; (c) severe and continuing emotional distress; (d) severe and continuing mental anguish; (e) extreme fear of Officer Battle, in particular, and of uniformed law enforcement personnel, in general; (f) being deprived of his right to privacy, as guaranteed under the First Amendment to the Constitution of the United States; (g) violation of his right to be secure in his person and

to not be subjected to the use of excessive force upon and an unreasonable seizure of his person, as guaranteed under the Fourth Amendment to the Constitution of the United States; (h) being subjected to cruel and unusual punishment, in violation of his rights afforded by 42 U.S.C. § 1983; (i) deprivation of his liberty without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States; (j) being denied the equal protection of the laws, in violation of his rights under the Fourteenth Amendment to the Constitution of the United States; (k) being falsely imprisoned by Officer Battle, in violation of his rights under the laws of the State of Georgia; (l) being subjected to an assault and battery by Officer Battle, in violation of his rights under the laws of the State of Georgia; (m) being subjected to an invasion of his privacy, and otherwise having his good name, reputation and character cast in a false light by Officer Battle, in violation of his rights under the laws of the State of Georgia; (n) being subjected to the intentional infliction of emotional distress by Officer Battle, in violation of his rights under the

laws of the State of Georgia; and (o) being subjected to the willful, wanton and outrageous conduct of Officer Battle, in violation of his rights under the laws of the State of Georgia.

20.

With regard to the subject incident: (a) B. T. committed no crime; (b) B.T. did no act whatsoever which would constitute probable cause for him to be detained, handcuffed and/or arrested by Coach Spears or Officer Battle; (c) No criminal charge or complaint, was ever filed against B.T. by Officer Battle or any other person; and (d) Officer Battle had no valid reason or lawful justification for confronting, detaining, restraining, handcuffing, arresting and slamming B.T. to the floor.

21.

With regard to the subject incident, Officer Battle had no valid reason or lawful justification for treating B.T. as a criminal and severely injuring him.

22.

Prior to, at the time of and following the subject incident, Officer Battle has witnessed Caucasian, Hispanic and Asian students at Tri-Cities High School (and at other schools in the Fulton County School System) engage in the identical or virtually identical behavior that B.T. engaged in concerning the subject incident. With regard to said Caucasian, Hispanic and Asian students and their said behavior, at no time has Officer Battle confronted any of them, detained any of them, handcuffed any of them, arrested any of them, or inflicted physical injury upon any them. The primary motivating factor in Officer Battle's decisions for foregoing taking such actions against said Caucasian, Hispanic and Asian students was the race of said students and the fact that said students were not and are not African-American students. The primary motivating factor in Officer Battle's decision to take the actions he took B.T. is the fact that B.T. is an African-American.

23.

With regard to the subject incident, Deputy Battle's actions constituted:  (a)    the unlawful invasion of B.T.; (b) the unlawful deprivation of B.T.'s right to be secure in his person, and the unlawful use of excessive force upon and unreasonable seizure of B.T.; (c) the infliction of cruel and unusual punishment upon B.T.; and (d) the unlawful detention of B.T. thereby depriving B.T. of his personal liberty without due process of law. With regard to the subject incident, Officer Battle's actions violated B.T.'s rights under the First, Fourth, Fifth and/or Fourteenth Amendments to the Constitution of the United States, and Officer Battle's actions were otherwise violative of B.T.'s rights and privileges as secured by the provisions of 42 U.S.C. *§* 1983. Officer Battle's said actions toward B.T. constituted negligence.  Officer Battle's said actions toward B.T. were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

24.

With regard to the subject incident, Officer Battle's actions constituted an unlawful invasion of B.T.'s right of privacy, including without limitation the placing of B.T. before the public in a false light, in violation of his rights under the laws of the State of Georgia. The false light in which Officer Battle placed B.T. (i.e. Battle's accusation and/or imputation that B.T. had engaged in criminal behavior) was highly offensive to B.T. and the same would be highly offensive to a reasonable person and Officer Battle had actual knowledge  of or acted in reckless disregard as to the falsity of the "criminal behavior" matter which he publicized and the false light in which he placed B.T. Officer Battle's said actions toward B.T. constituted negligence. Officer Battle's said actions toward B.T. were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

25.

With regard to the subject incident, Officer Battle communicated to

one or more third persons a false and malicious imputation of a crime or moral delinquency of and concerning B.T., which communication was not privileged as to Officer Battle, and which communication was not consented to by B.T., which communication subjected B.T. to disgrace, ridicule, odium, and/or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to B.T.'s reputation. Officer Battle's said actions constituted defamation, in general, and slander, in particular, as to B.T. and otherwise in violation of B.T.'s rights under the laws of the State of Georgia. Officer Battle's s said actions toward B.T. constituted negligence. Officer Battle's said actions toward B.T. were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

26.

With regard to the subject incident, Officer Battle unlawfully detained B.T. and thereby wrongfully deprived B.T. of his personal liberty.

Officer Battle's said actions constituted the false imprisonment of B.T., in violation of Georgia law and otherwise in violation of B.T.'s rights under the laws of the State of Georgia. Officer Battle's said actions toward B.T. constituted negligence. Officer Battle's said actions toward B.T. were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

27.

With regard to the subject incident, Officer Battle: (a) committed an intentional, unlawful offer to touch B.T.'s person in a rude and angry manner under such circumstances as to create in B.T.'s mind a well-founded fear of an imminent battery and, with respect to such offer to touch, Officer Battle had the apparent ability to effectuate the attempted touching if he were not otherwise prevented from so doing; and (b) Officer Battle actually and unlawfully touched B.T.'s person in rudeness, anger, and in a hostile manner. Officer Battle's actions constituted an assault and

battery on B.T., in violation of his rights under the laws of the State of
Georgia. Officer Battle's said actions toward B.T. constituted negligence.
Officer Battle's said actions toward B.T. were conducted intentionally,
wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his
authority and/or under his mistaken interpretation of the law.

28.

With regard to the subject incident, Officer Battle's actions were
conducted with a reckless or conscious disregard of B.T.'s rights and/or
safety, with Battle's knowledge of the danger he was subjecting B.T. to, or
with Battle's consciousness that his actions would likely result in injury to
B.T. Battle's said actions constitute wantonness as to B.T., in violation of
B.T.'s rights under the laws of the State of Georgia.

29.

With regard to the subject incident: (a) Officer Battle intentionally
or recklessly inflicted emotional distress upon B.T., or he knew or should
have know that emotional distress was likely to result from his conduct

toward B.T.; (b) Officer Battle's conduct toward B.T. was extreme and outrageous and resulted in severe emotional distress to B.T.; (c) Officer Battle' s conduct toward B.T. was so extreme and outrageous in degree as to go beyond all possible bounds of decency; (d) Officer Battle's conduct toward B.T. was atrocious and utterly intolerable in a civilized society; and (e) Officer Battle's conduct toward B.T. caused him to suffer emotional distress so severe that no reasonable person could be expected to endure it. Battle' s said actions constitute outrageous and intentional infliction of emotional distress as to B.T., in violation of B.T.'s rights under the laws of the State of Georgia.

30.

With regard to the subject incident: (a) Officer Battle's actions toward B.T. deprived him of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) Officer Battle's actions toward B.T. deprived him of rights, privileges or immunities secured by the laws of the State of Georgia; and (c) Officer Battle acted under color of law in depriving B.T. of said rights, privileges or immunities.

31.

With regard to the subject incident, Officer Battle's actions toward B.T.
were committed within the scope of his employment and/or were done to
further the interests of Battle's employer and other individuals and entities on
whose behalf Battle was acting, which interests include without limitation the
interests of Chief  Usury and the Fulton County Police  Department, Tri-Cities
High School Principal Dan Sims, Fulton County School Superintendent
Robert Avossa, Fulton County School Board Members Katha Stuart, Katie
Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, Julia
Bernath, Tri-Cities High School, the Fulton County School System and/or the
Fulton County Board of Education.

32.

With regard to the subject incident, Investigator Dixon had a duty to
investigate, completed an investigation and determined that excessive force
was not used.  The conclusion reached by Mr. Dixon, demonstrates a breach
of his duty and a deliberate indifference to the wholly unlawful actions of

Officer Battle.  Defendant Dixon's investigation and its conclusion was done to further the interests of his employer, Fulton County Schools Police Department and the Fulton County Board of Education. Defendant Dixon acquiesced to and ratified the wholly illegal actions of Officer Battle. Defendant Dixon had full knowledge or means of knowledge of all material facts and expressly adopted Officer Battle's wrongful actions toward B.T. and or implicitly approved Officer Battle's wrongful actions toward B.T. Defendant Dixon's actions and/or inactions were the direct, proximate and foreseeable cause of B.T. being deprived of rights, privileges or immunities secured by the Constitution and the laws of the United States and the State of Georgia as fully set forth in this Complaint.  As a result of Defendant Dixon's actions and/or inactions, B.T. suffered injury and damages as set forth in this Complaint.

33.

At no time following the subject incident has Officer Battle been reprimanded, suspended from his employment, discharged from his

employment, removed or reassigned from his job duties at Tri-Cities High

School, removed or reassigned from his job duties with the Fulton County

School System, or otherwise subjected to any disciplinary action by Chief

Usury, or  by Principal Sims, or by Superintendent Avossa, or by Board

Members, Defendants Katha Stuart, Katie Reeves, Gail Dean, Linda

Bryant, Linda McCain, Catherine Maddox, and Julia Bernath,

34.

At no time following the subject incident has Chief Usury apologized

to B.T., expressed remorse for his wrongful conduct and the wrongful

conduct of Officer Battle toward B.T., or otherwise acknowledged and

accepted responsibility for his wrongful conduct and the wrongful conduct

of Officer Battle toward B.T.

35.

At no time following the subject incident has Superintendent Avossa,

Defendants Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda

McCain, Catherine Maddox, and Julia Bernath, apologized to B.T.,

expressed any remorse whatsoever for their wrongful conduct toward B.T., or otherwise acknowledged and accepted responsibility for their wrongful conduct toward B.T.

36.

With regard to the subject incident, Officer Battle's wrongful actions toward B.T. have been acquiesced to and ratified by Chief Usury, Carlos Dixon, Principal Dan Sims, Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath. Chief Usury, Carlos Dixon, Principal Dan Sims, Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath have with full knowledge or means of knowledge of all the material facts: (a) expressly adopted Officer Battle's wrongful actions toward B.T.; or (b) implicitly approved Officer Battle's wrongful actions toward B.T.

37.

Prior to and at all times relevant to the subject incident and continuing thereafter, Chief Usury has been and continues to be the final policymaker and/or the official decision maker with regard to the hiring, training, supervision and retention of Police Officers for Fulton County Schools, including Officer Battle.

38.

Prior to and at all times relevant to the subject incident and continuing thereafter, Chief Usury has permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and excessive use of force by Police Officers for Fulton County Schools, in general, and by Officer Battle, in particular.

39.

Prior to and at all times relevant to the subject incident and continuing thereafter, Chief Usury has maintained no system of review or has failed to identify instances of improper use of force or to discipline,

more closely supervise, train, or retrain specific Police Officers, including without limitation Officer Battle, who in fact improperly used such force.

40.

Chief Usury's said acts, omissions and systematic deficiencies are the policies and customs of Chief Usury and/or the Fulton County Schools Police Department. As a direct, proximate and foreseeable result of Chief Usury's said acts: (a) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Georgia; (c) Chief Usury acted under color of law in depriving B.T. of said rights, privileges or immunities; and (d) B.T. suffered this injury and damage as set forth in this Complaint. Chief Usury's said actions constitute negligence. Chief Usury's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

41.

Prior to and at all times relevant to the subject incident: (a) Chief Usury had a duty to hire, train and supervise Officer Battle; (b) Chief Usury breached that duty by failing to properly test and evaluate Battle prior to hiring him, by failing to properly train Battle after hiring him, by failing to properly supervise Battle after hiring him and by retaining Battle in his employment after receiving actual or constructive notice of Battle's misfeasance, malfeasance and violations of the civil rights of B.T. and (c) as a direct, proximate and foreseeable result of Chief Usury's breach of said duties: (i) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Georgia; (iii) Chief Usury acted under color of law in depriving B.T. of said rights, privileges or immunities; and (iv) B.T. suffered this injury and damage as set forth in this Complaint. Chief Usury's said actions constitute negligence. Chief Usury's said actions were conducted

intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

42.

Prior to and at all times relevant to the subject incident, Chief Usury instituted, executed and/or otherwise engaged in a policy or custom of improperly and inadequately hiring, training, supervising and retaining police officers of the Fulton County Schools Police Department, including Officer Battle.  With regard to the institution and execution of said policy or custom, Chief Usury's actions constitute negligence. With regard to the institution and execution of said policy or custom, Chief Usury's actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law. As a direct, proximate and foreseeable result of Chief Usury's said actions: (a) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) B.T. has been wrongfully deprived of rights,

privileges or immunities secured by the laws of the State of Georgia; (c) Chief Usury acted under color of law in depriving B.T. of said rights, privileges or immunities; and (d) B.T. suffered injury and damages as set forth in this Complaint.

43.

As the final policymaker and/or official decision maker concerning the hiring, training, supervision and retention of Officer Battle, including without limitation the assignment of Officer Battle to patrol duty at Tri-Cities High School, Chief Usury: (a) knew or should have known that Officer Battle was prone to commit acts of misfeasance, malfeasance and violations of the civil rights of B.T. and other persons; (b) in the exercise of reasonable care and diligence, could have or should have prevented Officer Battle from committing the wrongful acts against B.T. as set forth in this Complaint; and (c) failed to exercise such reasonable care and diligence with regard to Officer Battle. As a direct, proximate and foreseeable result of Chief Usury's said actions: (a) B.T. has been wrongfully

deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (b) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Georgia; (c) Chief Usury acted under color of law in depriving B.T. of said rights, privileges or immunities; and (d) B.T. suffered this injury and damage as set forth in this Complaint. Chief Usury's said actions constitute negligence. Chief Usury's said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond his authority and/or under his mistaken interpretation of the law.

44.

At all times relevant to the subject incident, Principal Dan Sims has been  the final decision maker and/or the official decision maker with regard to policy and procedure at Tri-Cities High School.  Principal Sims established and promulgated policy and procedure regarding school disciplinary policy. With regard to the subject incident, Principal Sims had no valid reason or lawful justification for confronting, detaining, restraining and/or handcuffing,

or directing and/or ratifying someone under his direct supervision to confront, detain, restrain and/or handcuff B.T.

45.

Principal Sims actions and/or inactions in directing or permitting B.T. to be detained on campus after his suspension was the direct, proximate and foreseeable cause of B.T.'s deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Georgia.

46.

Prior to and at all times relevant to the subject incident and continuing thereafter, and with regard to the custom or policy of requesting, permitting or otherwise demanding that the Fulton County Schools Police Department provide on-site patrol duty at schools in the Fulton County School System, in general, and at Tri-Cities High School, in particular, Principal Sims, Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and

Julia Bernath have permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and excessive use of force by Police Officers of Fulton County Schools in general, and by Officer Battle, in particular, with regard to such patrol duty at said schools and Tri-Cities in particular. Prior to and at all times relevant to the subject incident and continuing thereafter, Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath have maintained no system of review or have failed to identify instances of improper use of force or to discipline, more closely supervise, train, or retrain specific Police Officers, including without limitation Officer Battle, who in fact improperly used such force. Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath's said acts, omissions and systematic deficiencies are the policies and customs of Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain,

Catherine Maddox, and Julia Bernath and/or the Fulton County Board of Education. As a direct, proximate and foreseeable result of these defendant's said acts, B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Georgia. Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath acted under color of law in depriving B.T. of said rights, privileges or immunities, and as a result, B.T. suffered other injury and damage as set forth in this Complaint. Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath's said actions constituted negligence. Defendants' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law. Prior to and at all times relevant to the subject incident and continuing thereafter, Superintendent Robert Avossa, and/or Board Members Katha Stuart,

Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath Avossa had a duty to hire, train and/or supervise Officer Battle with regard to Battle's assignment to and patrol duty at Tri-Cities High School.  Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and Julia Bernath breached that duty by failing to properly test and/or evaluate Battle prior to hiring him, by failing to properly train Battle after hiring him, by failing to properly supervise Battle after hiring him and/or by retaining Battle in his employment at Tri-Cities High School after receiving actual or constructive notice of Battle's misfeasance, malfeasance and violations of the civil rights of B.T. and other persons; and as a direct, proximate and foreseeable result of  the Defendants' breach of said duties: (i) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States; (ii) B.T. has been wrongfully deprived of rights, privileges or immunities secured by the laws of the State of Georgia.  Superintendent Robert Avossa, and/or Board

Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda

McCain, Catherine Maddox, and Julia Bernath acted under color of law in

depriving B.T. of said rights, privileges or immunities and B.T. suffered other

injury and damage as set forth in this Complaint. Superintendent Robert Avossa,

and/or Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant,

Linda McCain, Catherine Maddox, and Julia Bernath's said actions

constitute negligence. Defendants' said actions were conducted

intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith,

beyond their authority and/or under their mistaken interpretation of the law.

Prior to and at all times relevant to the subject incident and continuing

thereafter, Superintendent Robert Avossa, and/or Board Members Katha Stuart,

Katie Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine

Maddox, and Julia Bernath instituted, executed and/or otherwise engaged in

a policy or custom of improperly and inadequately hiring, training,

supervising and/or retaining Police Officers for the Fulton County Schools

Police Department, and including Officer Battle, with regard to such Police

Officers' assignment to and patrol duty at schools in the Fulton County School System, in general, and with regard to Officer Battle's assignment to and patrol duty at Tri-Cities High School, in particular. With regard to the institution and execution of said policy or custom, Defendants' actions constitute negligence. With regard to the institution and execution of said policy or custom, Defendants' actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law. As a direct, proximate and foreseeable result of Defendants' said actions, B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Georgia. Superintendent Avossa acted under color of law in depriving B.T. of said rights, privileges or immunities and B.T. suffered other injury and damage as set forth in this Complaint. Prior to and at all times relevant to the subject incident and continuing thereafter, and in their capacity as the final policymaker and/or the official decision maker concerning the hiring, training, supervision and/or retention of Officer Battle,

including without limitation the assignment of Officer Battle to patrol duty at
Tri-Cities High School, Superintendent Robert Avossa, and/or Board Members
Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda McCain,
Catherine Maddox, and Julia Bernath, knew or should have known that
Officer Battle was prone to commit acts of misfeasance, malfeasance and
violations of the civil rights of B.T. and other persons, and in the exercise of
reasonable care and diligence, could have or should have prevented Officer
Battle from committing the wrongful acts against B.T. as set forth in this
complaint and failed to exercise such reasonable care and diligence with
regard to Officer Battle. As a direct, proximate and foreseeable result of
Superintendent Robert Avossa, and/or Board Members Katha Stuart, Katie
Reeves, Gail Dean, Linda Bryant, Linda McCain, Catherine Maddox, and
Julia Bernath's said actions B.T. has been wrongfully deprived of rights,
privileges or immunities secured by the Constitution and laws of the United
States and laws of the State of Georgia.  Superintendent Robert Avossa, and/or
Board Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant,

Linda McCain, Catherine Maddox, and Julia Bernath acted under color of
law in depriving B.T. of said rights, privileges or immunities and B.T. suffered
other injury and damage as set forth in this Complaint. The Defendants'
actions constitute negligence. Superintendent Robert Avossa, and/or Board
Members Katha Stuart, Katie Reeves, Gail Dean, Linda Bryant, Linda
McCain, Catherine Maddox, and Julia Bernath's said actions were
conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad
faith, beyond their authority and/or under their mistaken interpretation of the
law.  Prior to and at all times relevant to the subject incident and continuing
thereafter, and with regard to the custom or policy of requesting, permitting or
otherwise demanding that Police Officers for Fulton County Schools provide
on-site patrol duty at schools in the Fulton County School System, in general,
and at Tri-Cities High School in particular.  Defendants have been and
continue to be the final policymakers and/or the official decision makers with
regard to the hiring, training, supervision and/or retention of said Police
Officers, in general, and of Officer Battle, in particular, and including without

limitation Battle's assignment to and patrol duty at Tri-Cities High School.

Prior to and at all times relevant to the subject incident and continuing

thereafter, and with regard to the custom or policy of requesting, permitting or

otherwise demanding that Police Officers provide on-site patrol duty at

schools in the Fulton County School System, in general, and at Tri-Cities

High School, in particular, Defendants have permitted, encouraged,

tolerated and ratified a pattern and practice of unjustified, unreasonable

and excessive use of force by Police Officers of the Fulton County Schools

Police Department, in general, and by Officer Battle, in particular, with

regard to such patrol duty at said schools. Prior to and at all times relevant

to the subject incident and continuing thereafter, said Defendants have

maintained no system of review or have failed to identify instances of

improper use of force or to discipline, more closely supervise, train, or

retrain specific police officers, including without limitation Officer Battle,

who in fact improperly used such force. Defendants' said acts, omissions

and systematic deficiencies are the policies and customs of the Board

Members, Tri-Cities High School, the Fulton County School System and/or the Fulton County Board of Education. As a direct, proximate and foreseeable result of the Defendants' said acts,  B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States and the laws of the State of Georgia.  The Defendants acted under color of law in depriving B.T. of said rights, privileges or immunities and B.T. suffered other injury and damage as set forth in this Complaint. The Defendants' said actions constitute negligence. The Defendants' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law.  Prior to and at all times relevant to the subject incident and continuing thereafter the Defendants had a duty to hire, train and/or supervise Officer Battle with regard to Battle's assignment to and patrol duty at Tri-Cities High School and Defendants breached that duty by failing to properly test and/or evaluate Battle prior to hiring him, by failing to properly train Battle after hiring him,

by failing to properly supervise Battle after hiring him and/or by retaining

Battle in his employment at Tri-Cities High School after receiving actual or

constructive notice of Battle's misfeasance, malfeasance and violations of the

civil rights of B.T. and other persons, and as a direct, proximate and

foreseeable result of said Defendants' breach of said duties, B.T. has been

wrongfully deprived of rights, privileges or immunities secured by the

Constitution and laws of the United States and the State of Georgia.

Defendants acted under color of law in depriving B.T. of said rights,

privileges or immunities and B.T. suffered other injury and damage as set

forth in this Complaint. The Defendants' said actions constitute negligence.

The Defendants' said actions were conducted intentionally, wantonly,

willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or

under their mistaken interpretation of the law.  Prior to and at all times

relevant to the subject incident and continuing thereafter, the Defendants

instituted, executed and/or otherwise engaged in a policy or custom of

improperly and inadequately hiring, training, supervising and/or retaining

Police Officers of the Fulton County Schools Police Department, including Officer Battle, with regard to such officer's assignment to and patrol duty at schools in the Fulton County School System, in general, and with regard to Officer Battle's assignment to and patrol duty at Tri-Cities High School, in particular. With regard to the institution and execution of said policy or custom, said Defendants' actions constitute negligence. With regard to the institution and execution of said policy or custom, said Defendants' actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law. As a direct, proximate and foreseeable result of the Defendants' said actions, B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Georgia.   The Defendants acted under color of law in depriving B.T. of said rights, privileges or immunities and B.T. suffered other injury and damage as set forth in this Complaint.  Prior to and at all times relevant to the subject incident and continuing thereafter,

and in their capacities as the final policymakers and/or the official decision makers concerning the hiring, training, supervision and/or retention of Officer Battle, including without limitation the assignment of Officer Battle to patrol duty at Tri-Cities High School, Defendants knew or should have known that Officer Battle was prone to commit acts of misfeasance, malfeasance and violations of the civil rights of B.T. and other persons and in the exercise of reasonable care and diligence, could have or should have prevented Officer Battle from committing the wrongful acts against B.T. as set forth in this Complaint.  Defendants failed to exercise such reasonable care and diligence with regard to Officer Battle. As a direct, proximate and foreseeable result of the Defendants' said actions, B.T. has been wrongfully deprived of rights, privileges or immunities secured by the Constitution and laws of the United States and the State of Georgia.  The Defendants acted under color of law in depriving B.T. of said rights, privileges or immunities and B.T. suffered other injury and damage as set forth in this Complaint. The Defendants' said actions constitute negligence. The

Defendants' said actions were conducted intentionally, wantonly, willfully, maliciously, fraudulently, in bad faith, beyond their authority and/or under their mistaken interpretation of the law.

## Count 1:  42 U.S.C. § 1983

47.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint as if fully set forth herein.

48.

The conduct of the Defendants, jointly and severally: (a) caused and constituted an invasion of B.T.'s privacy, in violation of his rights under the First Amendment to the Constitution of the United States; (b) caused and constituted an excessive use of force upon, and an unreasonable seizure of, B.T., in violation of his rights under the Fourth Amendment to the Constitution of the United States and in violation of his rights under the laws of the State of Georgia; (c) caused and constituted a deprivation of B.T.'s

liberty without due process of law, in violation of his rights under the Fifth Amendment to the Constitution of the United States; (d) caused and constituted the infliction of cruel and unusual punishment upon B.T., in violation of his rights as secured by the provisions of 42 U.S.C. § 1983; (e) caused and constituted a deprivation of B.T.'s liberty without due process of law, by the State of Georgia or an agency thereof, in violation of B.T.'s rights under the Fourteenth Amendment to the Constitution of the United States; and (f) caused and constituted a deprivation of Mr. T's right to equal protection of the laws , in protection of the laws, in violation of B.T.'s rights under the Fourteenth Amendment to the Constitution of the United States and in violation of the rights and protections provided to B.T. pursuant to 42 U.S.C. § 1983.

49.

The conduct of the Defendants, jointly and severally, was done under color of law of the State of Georgia.

50.

The conduct of the Defendants, jointly and severally, implements or executes a custom, policy, policy statement, ordinance, regulation and/or decision officially adopted, promulgated or followed by the officers, official policymakers and/or final decision makers of the Fulton County Schools Police Department. The conduct of the Defendants, jointly and severally, deprived B.T. of his rights, privileges or immunities secured by the Constitution and laws of the United States and State of Georgia, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983.

51.

As a direct, proximate and foreseeable result of the conduct of the Defendants, jointly and severally, B.T. has suffered injury and damage. B.T.'s injury and damage includes, without limitation: (a) extreme and continued physical pain; (b) severe personal embarrassment and public humiliation; (c) severe and continuing emotional distress; (d) severe and continuing mental anguish; (e) episodes of nightmares and crying concerning the subject incident; (f) extreme fear of Officer Battle, in particular, and uniformed law enforcement

personnel, in general; (g) being deprived of his right to privacy, as guaranteed under the First Amendment to the Constitution of the United States; (h) violation of his right to be secure in his person and to not be subjected to excessive force upon and an unreasonable seizure of his person, as guaranteed  under the Fourth Amendment to the Constitution of the United States; (i) being subjected to cruel and unusual punishment, in violation of his rights as secured under the provisions of 42 U.S.C. § 1983; (j) deprivation of his liberty without due process of law, as guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States; (k) being denied the equal protection of the laws, in violation of his rights under the Fourteenth Amendment to the Constitution of the United States; (l) being falsely imprisoned by Officer Battle, in violation of his rights under the laws of the State of Georgia; (m) being subjected to an assault and battery by Officer Battle, in violation of his rights under the laws of the State of Georgia; (n) being subjected to an invasion of his privacy and otherwise having his good name, reputation

and character cast in a false light by Officer Battle, in violation of his rights under the laws of the State of Georgia; (o) being subjected to the intentional infliction of emotional distress by Officer Battle, in violation of his rights under the laws of the State of Georgia; and (p) being subjected to the willful, wanton and outrageous conduct of Officer Battle, in violation of his rights under the laws of the State of Georgia.

52.

**WHEREFORE,** B.T. demands judgment against said Defendants, jointly and severally, for the following:

(a)     Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(d)     Such further, different, this and equitable relief to which he is or may be entitled.

## Count 2: 42 U.S.C. § 1981

53.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

54.

The conduct of the Defendants, jointly and severally, deprived B.T. of his right to the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

55.

**WHEREFORE,** B.T. demands judgment against said defendants, jointly and severally, for the following:

(a)    Compensatory damages;

(b)    Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)    For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(d)    Such further, different, this and equitable relief to which he is or may be entitled.

## Count 3: Declaratory and Injunctive Relief

56.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint as if fully set forth herein.

57.

The conduct of defendant Usury caused and constitutes the implementation or execution of the custom, policy, policy statement,

ordinance, regulation and/or decision (the "custom and policy") officially adopted and promulgated by said defendant and/or by the Fulton County Schools Police Department of Fulton County, Georgia.

58.

The conduct of Defendant Usury, with regard to the implementation or execution of said custom and policy, is violative of the rights, privileges or immunities of B.T., and of those similarly situated, as provided and guaranteed under the Constitution and laws of the United States.

59.

As a direct, proximate and foreseeable result of said Defendant Usury's conduct, B.T. and those similarly situated have suffered and will continue to suffer injury and damage, including without limitation the deprivation of their rights, privileges or immunities as provided and guaranteed under the Constitution and laws of the United States.

60.

**WHEREFORE,** B.T. demands judgment against Defendant Usury for the following:

(a) An Order declaring that said custom and policy, and said defendant's conduct with regard to his implementation and execution of said custom and policy, is violative of the rights, privileges or immunities of B.T., and of those similarly situated, as provided and guaranteed under the Constitution and laws of the United States;

(b) An Order enjoining and otherwise restraining said defendant from continuing to implement and execute said custom and policy;

(c) An Order requiring said defendant to modify said custom and policy, or to otherwise implement a custom and policy, such that the implementation and execution of such custom and policy will not be violative of the rights, privileges or immunities of B.T., and of this similarly situated, as provided and guaranteed under the Constitution and laws of the United States;

(d)    An Order enjoining and otherwise restraining said defendant from continuing to assign, allow and/or require Officer Battle to perform patrol duty or this law enforcement duties at Tri-Cities High School and at any school that is in the Fulton County School System and at any this school that is under the authority or oversight of the Fulton County Board of Education;

(e)    For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation, including but not limited to such costs and expenses as expert fees, pursuant to 42 U.S.C. § 1988; and

(f)    Such further, different, this and equitable relief to which she is or may be entitled.

## Claims Under State Law

## Count 4: Invasion of Privacy

61.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1through 46 of this complaint as if fully set forth herein.

62.

The conduct of The Defendants, jointly and severally, caused and constitutes the invasion of B.T.'s right to privacy, and including without limitation the placing of B.T. in a false light before the public, in violation of his rights under the laws of the State of Georgia.

63.

As a direct, proximate and foreseeable consequence of said defendants' conduct, B.T. has suffered injury and damage, as further described in this Complaint.

64.

**WHEREFORE,** B.T. demands judgment against said defendants, jointly and severally, for the following:

(a)    Compensatory damages;

(b)    Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation; and

(d)     Such further, different, this and equitable relief to which he is or may be entitled.

## Count 5: Assault and Battery

65.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

66.

The conduct of defendants Battle and Usury, jointly and severally, caused and constitutes an assault and battery on B.T., in violation of his rights under the laws of the State of Georgia.

67.

As a direct, proximate and foreseeable consequence of said defendants' conduct, B.T. has suffered injury and damage, as further

described in this Complaint.

68.

**WHEREFORE,** B.T. demands judgment against said Defendants, jointly and severally, for the following:

(a)    Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)    For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation; and

(d)    Such further, different, this and equitable relief to which he is or may be entitled.

**Count 6:  False
Imprisonment**

69.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

70.

The conduct of the Defendants, jointly and severally, caused and constitutes the false imprisonment of B.T., in violation of his rights under the laws of the State of Georgia.

71.

As a direct, proximate and foreseeable consequence of the Defendants' conduct, B.T. has suffered injury and damage, as further described in this complaint.

72.

**WHEREFORE,** B.T. demands judgment against said defendants, jointly and severally, for the following:

(a)    Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation; and

(d)     Such further, different, this and equitable relief to which he is or may be entitled.

### Count 7:  Defamation

73.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

74.

The conduct of the Defendants, jointly and severally, caused and constitutes defamation of B.T., in violation of his rights under the laws of the State of Georgia.  As a direct, proximate and foreseeable consequence of said Defendants' conduct, B.T. has suffered injury and damage, as further described in this Complaint.

74.

**WHEREFORE,** B.T. demands judgment against said defendants, jointly and severally, for the following:

(a)     Compensatory damages;

(b)      Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)     For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation; and

(d)     Such further, different, this and equitable relief to which he is or may be entitled.

## Count 8: Intentional  Infliction  of Emotional Distress

76.

Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

77.

The conduct of the Defendants, jointly and severally, caused and constitutes the intentional infliction of emotional distress upon B.T., in violation of his rights under the laws of the State of Georgia.

78.

**WHEREFORE,** B.T. demands judgment against the Defendants, jointly and severally, for the following:

(a)    Compensatory damages;

(b)     Punitive damages in an amount necessary to punish defendants for their illegal and/or wrongful conduct and sufficient to discourage this from participating in the same or similar conduct;

(c)    For the costs of this lawsuit, to include reasonable attorney's fees and all this costs of litigation; and

(d)    Such further, different, this and equitable relief to which he is or may be entitled.

Respectfully submitted,

*Adrian L. Patrick*

**ADRIAN L. PATRICK**
ATTORNEY AT LAW
GA BAR NO.:  565945

Wanda S. Jackson
Ga Bar No.:  387955

P.O. Box 91789
East Point, GA  30344
(404) 344-4421  Office
(404) 393-9206  Facsimile
wanda@wandasjackson.com

## JURY DEMAND

 Plaintiff demands a trial by jury on all counts so triable.

*Adrian L. Patrick*

**ADRIAN L. PATRICK**
ATTORNEY AT LAW
GA BAR NO.:  565945

Wanda S. Jackson
Ga Bar No.:  387955